IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:19-cr-191-B (03) |
| | § | |
| LEONARDO MUNGUIA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Leonardo Munguia is charged, in an indictment out of this district, with conspiracy to possess with intent to distribute 500 grams or more of a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a) and (b)(1)(A). *See* Dkt. No. 22.

The government moved for his pretrial detention. *See* Dkt. No. 71. On February 24, 2020, Defendant waived a detention hearing "without reservation," Dkt. No. 79, and was ordered detained pretrial, *see* Dkt. No. 80.

On March 12, 2020, Defendant moved for a detention hearing, *see* Dkt. No. 84, and the Court referred his motion to the undersigned United States magistrate judge for hearing, if necessary, and determination, *see* Dkt. No. 85.

The government filed a court-ordered response to the motion, *see* Dkt. Nos. 87 & 90, and Defendant replied, *see* Dkt. No. 91.

18 U.S.C. § 3142(f)(2)

> provides that a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably

assure the appearance of such person as required and the safety of any other person and the community."

Under Section 3142(f)(2), the United States Court of Appeals for the Fifth Circuit has "interpreted th[e] standard as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("It cannot therefore be said that [the witnesses'] testimony was newly discovered or previously unavailable.")).

The Court may reject a motion to reopen because the evidence to be presented is not new or because it would not be material. *See Hare*, 873 F.2d at 799 ("Hare seeks a second hearing on various statutory grounds. First, he seeks to have his sister, mother, and a friend testify that he appeared whenever required to do so during prior prosecutions. He would also offer evidence of his exemplary conduct as an electrician while detained and of the fact that his pretrial incarceration will last considerably longer than usual. Under the Bail Reform Act a hearing may be reopened at any time before trial 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of risk of flight or dangerousness].' We agree with the district court that the testimony of Hare's family and friends is not new evidence. Nor can the length of his current or potential future detention be considered under this section since it is not material to the issue of risk of flight or dangerousness. Given Hare's past record of narcotics convictions and the seriousness of the present charges, the district court did not abuse its discretion in finding that Hare's work as an electrician and selection as a trustee while in detention is not sufficiently material to the issue of dangerousness to justify a second hearing." (footnote omitted) ); *accord Stanford*, 367 F. App'x at 510-11.

*United States v. Cooper*, No. 3:16-cr-60-M (2), 2018 WL 1916983, at *15 (N.D. Tex. Apr. 2, 2018) (citation modified), *rec. accepted*, 2018 WL 1912708 (N.D. Tex. Apr. 23, 2018); *see also United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015) ("[T]he purpose of the statute ... is to allow parties to present unknown information that increases the chances the defendant

appears for their criminal hearing, or decrease the danger the defendant poses to an individual or the community as a whole.").

In moving for a detention hearing – effectively requesting that the Court reopen the issue of his pretrial detention – Defendant argues that

> [t]here are no allegations of violence to any person in the indictment. Mr. Munguia has not been convicted of a crime of violence. The indictment charges: an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, or Title 21, United States Code, Section 955(a).
> The Defendant poses no danger to the community or others if he is released pending trial.
> There is no serious risk that the Defendant will flee. Mr. Munguia lives with his mother [in] Dallas, Texas. He works two jobs and will reside with his mother if released and will continue to work with his mother at UPS and helping his mother with the repossession of vehicles. From time to time he also helps his brother-in- law who is married to his sister with their tree-cutting [ ] business.
> Defendant was born and raised in Dallas, Texas. He has no criminal history and there is no record indicating that he fled the jurisdiction of any Court. He does not have a criminal history of charges of violence to any person.
> Mr. Munguia is without money or property to pay for a bond. He therefore requests that this Court enlarge him on his own recognizance.
> Mr. Munguia has a passport that was seized at the time of his arrest as it was in his wallet. There is not a risk that Mr. Munguia will obstruct or attempt to obstruct justice, or attempt to threaten, injure or intimidate a prospective witness or juror. He has been in custody over eight months. He is represented by counsel and will act on counsel's advice which is to speak to no one about this case.
> Mr. Munguia was not on release pending trial for a felony under State, Federal or Local law; or was he on probation or parole for an offense under State, Federal or Local law, at the time of his arrest.
> This offense is not a felony that involves a minor victim.
> There are conditions or combination of conditions will:
> (A) Reasonably assure the appearance of the person as required, such as intensive supervision, house arrest, or ankle monitoring to facilitate this goal.

>    (B) The safety of the community or any other person can be assured by conditions of release.

Dkt. No. 84 at 1-3.

The government responded in part:

>    First and foremost, Munguia waived his right to a detention without reservation. The Court appointed Vincent Carrizales as his court-appointed counsel at his initial appearance on February 14, 2020. The government filed a motion to detain, notifying Munguia and the Court that this offense provided for a "presumption of detention." Mr. Carrizales requested a ten-day continuance based on scheduling conflicts. This delay also provided time for Munguia and his counsel to have a reverse proffer session with the government and the lead agent. Per Mr. Carrizales's request, the detention hearing was set for February 24, 2020.
>    Munguia knew all the facts of the case prior to his knowing and voluntary waiver of his detention hearing. As planned, Carrizales and the government participated in a reverse proffer session with the agent and Munguia prior to his scheduled detention hearing on February 24. At the reverse proffer session, Munguia heard a summary of the evidence against him. After the session, Munguia decided to waive his right to a detention hearing when he appeared in Court on February 24 without reservation. While his attorney at the time was not his current retained attorney, he was represented by able, experienced counsel and made a knowing and voluntary waiver without reservation. Munguia has not contested that waiver but merely his current retained counsel now wants an opportunity to try to have him released on conditions without the support of any precedence to invalidate his knowing and voluntary waiver or new evidence.

Dkt. No. 90 at 1-2 (citations and emphasis omitted).

In response to these no-new-evidence arguments, Defendant replied that

(1) Defendant did not understand the consequences of waiving his right to a detention hearing;
(2) Even through court appointed counsel received a reverse proffer since he did not the opportunity to review discovery in this case;
(3) Counsel does not know what the government represented was a summary of the evidence;

-4-

(4) After reviewing State's evidence is basically that Defendant was arrested as a passenger in his brother's car and the brother's girlfriend says Defendant was an armed lookout during drug transactions;
(5) Defendant denies ever being an armed lookout and his understanding is that his brother substantiates his innocence;
(6) The Corona-19 pandemic occurred after the waiver and there is a public good in the release of as many prisoners as possible to avoid spread of the pandemic; and
(7) Retained Counsel has reviewed the evidence and believes that there is a good faith basis for releasing Defendant pending trial and that Defendant waiver was in error and as a result of incorrect advice.

Dkt. No. 91 at 1-2.

Without adopting or rejecting the government's position that waiving a detention hearing "without reservation" deprives a defendant of relief under Section 3142(f)(2), the Court agrees with the government that Defendant has not shown that the issue of his pretrial detention should be reopened.

Defendant's motion fails to specify what new evidence – what new information that exists now and was not known to him when he waived a detention hearing – supports reopening the issue of detention. On reply, he seems to argue that new evidence exists because (1) his current counsel did not attend the proffer session and (2) some, unspecified material in his criminal discovery may support reopening the issue of detention.

That is not enough. Such general assertions fail to show that any new information, if it exists, "increases the chances the defendant appears for their criminal hearing, or decrease the danger the defendant poses to an individual or the community as a whole." *Martin*, 2015 WL 1738362, at *2.

And the Court is persuaded that Fifth Circuit case law, like case law from other jurisdictions, interprets Section 3142(f)'s "not known to the movant at the time of the hearing" "language to mean not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person. Thus, a litigant cannot invoke 3142(f) to reopen and offer statements about his character from relatives and friends; he is charged with constructively knowing of those statements. A defendant cannot forego an opportunity to confront a witness and elicit favorable testimony, and then later claim the testimony he or she failed to elicit would constitute new information. By the same token, a person cannot be charged with constructive knowledge of a future event, and a court's ruling on a suppression motion made after the detention hearing is not something that with the exercise of reasonable care and diligence can be actually or constructively known." *United States v. Spring*, Crim. A. No. 14-10303-RGS, 2014 WL 6609156, at *2 (D. Mass. Nov. 20, 2014) (internal quotation marks and citations omitted).

The information to which Defendant points in his motion does not justify reopening the hearing as the kind of new information or newly discovered evidence that Section 3142(f)(2) contemplates. "Section 3142(f)'s mechanism for reopening detention hearing is not properly employed as a vehicle for granting a do-over to present evidence that a defendant knew [or should have know that] he could have investigated – and now wishes he had run down – before the detention hearing" –

including, as here, the proceeding at which Defendant waived his right to a detention hearing without reservation. *United States v. Chappell*, No. 3:17-cr-341-B, Dkt. No. 45 at 8 (N.D. Tex. Oct. 10, 2017).

Similarly, while the Court does not discount Defendant's concerns as to COVID-19, and the daily-changing dynamics related to the current pandemic may qualify as new information that was not known to Defendant at the time that he waived his detention hearing, Defendant has not shown how those dynamics relate to him particularly.

An assertion that "there is a public good in the release of as many prisoners as possible to avoid spread of the pandemic," as Defendant argues on reply, would be an argument for releasing all detainees. *See United States v. Fitzgerald*, Case No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020) ("Further, Defendant argued for the first time in reply that he faces an increased risk of contracting COVID-19 if he remains in custody. The Court does not generally address arguments made for the first time in reply. Defendant's argument, however, applies equally to anyone in custody or, for that matter, at the halfway house or anywhere else in this community or any other. Defendant's argument applies equally to every detainee in detention; however, the Court cannot release every detainee at risk of contracting COVID-19 because the Court would then be obligated to release every detainee. Therefore, the Court finds Defendant's COVID-19 argument unpersuasive." (footnotes omitted)). And the argument, at

least as currently framed, does not address either prong of the Section 3142(f)(2) analysis – his risk of flight and his dangerousness to any other person or the community.

Without further information, particular to Defendant, his argument does not support reopening the issue of his detention as new information that has a material bearing on the issue whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community.

Defendant has not carried his burden to show that the Court should reopen the issue of his pretrial detention.

The Court DENIES Defendant's motion for a detention hearing [Dkt. No. 84] without prejudice.

SO ORDERED.

DATED: March 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE